IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRYSTAL HOWARD**<br><br>**Plaintiff,**<br><br>v.<br><br>**LOUISIANA HEALTH CARE CONSULTANTS, LLC and BOB DEAN, JR.**<br><br>**Defendants.** | **CIVIL NO. 3:22-CV-491-JWD-SDJ** |

## STATUS REPORT

**A.  JURISDICTION**

Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 42 U.S.C. § 2000e-2 et seq. (Title VII) as Plaintiff asserts claims under a Federal statute, Title VII, and supplemental jurisdiction under 28 U.S.C. §1367(a), as her state law claims are related to her federal law claims involving the same case or controversy.

**B.  BRIEF EXPLANATION OF THE CASE**

**1.  PLAINTIFF'S CLAIMS:**

Plaintiff Krystal Howard was employed by LHCC in different finance and accounting capacities for the past sixteen years. After Hurricane Ida, several senior employees left LHCC, and Dean promoted Ms. Howard to the position of Director of Finance, and in that position Ms. Howard for the first time began reporting directly to Dean and interacting with him on a daily basis. After Ida, Ms. Howard asserts that Dean subjected her to a shocking campaign of quid-pro-quo sexual harassment and hostile work environment from September 2021 until Ms. Howard resigned on or about November 19, 2021. Dean's harassment included hundreds of obscene text messages and videos sent directly to Ms. Howard, including pornographic pictures and video of Dean, videos of other pornography, and at least one demand that Ms. Howard fly to Dean's

residence in Georgia (which Ms. Howard believes was an overture for sex).

Ms. Howard was completely humiliated by Dean's conduct but feared immediate termination if she complained. Ms. Howard responded in the first several weeks of Dean's abuse by ignoring the harassment and trying to act as if it weren't happening. However, Ms. Howard did complain to several other LHCC employees, including Ben Comenge, Debbie Baker, and Vice-President Jeff Demars. Mr. Demars, in particular, told Ms. Howard there was nothing that could be done to stop Dean – essentially that he was out of control – and that she should simply begin looking for new work and resign once she found it. So that is what Ms. Howard began to do.

Eventually, Ms. Howard did, in fact, find replacement work, and told Dean that she would need to begin working part-time (which Ms. Howard planned to use as a segue to resign entirely). Then, for reasons Ms. Howard still does not fully understand, Mr. Dean's wife began sending abusive text messages to Ms. Howard. Ms. Howard eventually responded to Dean personally and asked that his wife stop communicating with her. On November 17, 2020, Ms. Howard resigned her employment in constructive discharge.

Ms. Howard asserts sex-discrimination and sexual harassment claims under Title VII and the LEDL against LHCC and a Louisiana state law claim for intentional infliction of emotional distress against Dean in his individual capacity.

   2.   **DEFENDANT'S CLAIMS:**

Defendants deny any liability with respect to Plaintiff's claims in these proceedings. Specifically, Plaintiff, Louisiana Health Care shows that at all relevant times it employed less than 15 employees and Plaintiff's claims under Title VII of the Civil Rights Act of 1964 as amended are barred and should be dismissed. With respect to Dean personally, no claims exist under Title VII as Dean was not an employee of Louisiana Health Care. In addition, Defendants show that

the conduct complained of does not constitute sexual harassment. Defendants also deny that Plaintiff has sustained damages as alleged.

**C.  PENDING MOTIONS**

None.

**D.  ISSUES**

Plaintiff:

1. Whether LHCC committed unlawful sex-based discrimination against Ms. Howard in the form of Sexual Harassment and Hostile Work Environment which led to her constructive discharge, making LHCC liable under Title VII and LEDL.

2. Whether Bob Dean, Jr. committed acts which harmed Ms. Howard such that the acts constituted intentional infliction of emotional distress.

3. Whether LHCC and Bob Dean, Jr. committed acts against Ms. Howard resulting in her constructive discharge from her employment with LHCC.

4. Any other issue as articulated by defendant in this matter or necessary to establish liability or damages in this case.

Defendant:

1. Whether Defendant, Louisiana Health Care, had 15 employees during the relevant time period.

2. Whether Bob Dean was ever an employee of Louisiana Health Care.

3. Whether Louisiana Health Care is liable for the conduct of Bob Dean.

4. Whether the circumstances surrounding the alleged conduct represents sexual harassment under Title VII.

5. Whether Plaintiff sustained damages as alleged.

**E.  DAMAGES**

1.  Plaintiff's Calculation of Damages:  At the time of her constructive discharge, Ms. Howard earned $175,000 per year in salary. Ms. Howard has found replacement employment at a lesser salary and intends to hire an expert economist to opine on the amount of her lost back and future wages.  Upon information and belief, at the times relevant to this matter, LHCC employed more than 500 people, and is therefore liable for up to $300,000 in statutory and punitive damages under Title

       VII, which plaintiff claims she is entitled to under the facts and circumstances of the case. Plaintiff claims uncapped general damages under the Louisiana Employment Discrimination Law (LEDL) in an amount to be determined by the jury. Plaintiff claims statutory attorney's fees and costs pursuant to Title VII and Louisiana state law.

    2. Defendant's Calculation of Damages: Defendants deny that Plaintiff has sustained damages as alleged. Defendants intend to retain an economist to rebut the opinion of Plaintiff's expert.

**F. SERVICE**

1. Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: <u>None</u>.

**G. DISCOVERY**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES    [ X ] NO

    A. Do any parties object to initial disclosures?

    [ ] YES    [ X ] NO

    For any party who answered "yes," please explain your reason for objecting:

    B. Please provide any stipulations reached by the parties with regard to FCRP 26(a)(1) initial disclosures: None.

2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s): Plaintiff has not yet propounded discovery.

    By defendants(s): Defendants have not yet propounded discovery.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.

    Plaintiff:. Plaintiff does not necessarily believe any protective order is necessary at this time, but has no objection to any such order reasonable in scope under the circumstances.

    Defendant: Defendant believes a protective order should be issued with regard to discovery responses and depositions.

4. Discovery from experts:

Plaintiff(s): Plaintiff intends to retain an expert economist to opine on lost wage damages.

Defendant(s): Defendants intend to retain an economist to rebut the opinion of Plaintiff's expert

**H.   PROPOSED SCHEUDLING**

1. Exchanging initial disclosures, please provide that proposed deadline: <u>November 18, 2022</u>

2. Recommended deadlines to join other parties or to amend the pleadings: <u>December 16, 2022</u>

3. Filing all discovery motions and completing all discovery except experts: <u>July 21, 2023</u>

4. Disclosure of identities and resumes of expert witnesses:

    Plaintiffs: <u>February 17, 2023</u>

    Defendant: <u>March 17, 2023</u>

5. Exchange of expert reports:

    Plaintiffs: <u>March 3, 2023</u>.

    Defendant: <u>April 7, 2023</u>.

6. Completion of discovery from experts: <u>July 7, 2023</u>

7. Filing dispositive motions and Daubert motions: <u>September 8, 2023</u>

8. All remaining deadlines and pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

    a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

  d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

  e. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

  f. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

  g. Trial date (approximately 27-29 weeks after dispositive motion deadline).

11. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadline which is more appropriate for your case.

**I. TRIAL**

1. Has a demand for trial by jury been made?

[ X ] YES  [ ] NO

2. Estimate the number of days that trial will require: <u>3 days</u>.

**J. OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES  [ X ] NO

  i. If the answer is yes, please explain:

  ii. If the answer is no, do the parties want the court to cancel the scheduling conference and enter a scheduling order based on the deadlines set out in this report?

[ X ] YES  [ ] NO

**K. SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date. <u>The parties are currently discussing the matter</u>.

2. Do the parties wish to have a settlement conference?

[ X ] YES  [ ] NO

If the answer is yes, at what stage of litigation would a settlement conference be most

beneficial?

The parties are currently discussing the matter.

**L.    CONSENT TO JURISIDICTION BY A MAGISTRATE JUDGE**

You have the right to waiver your right to proceed before a United States District Judge and may have instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [ X ] NO

If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign below to indicate your consent.

Respectfully submitted:

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A
Mandeville, LA 70448
Telephone: (504) 275-5149
Facsimile: (504) 910-1704
Email: vogeltanz@gmail.com

**ATTORNEY FOR PLAINTIFF**

**LOCAL RULE 5(e) CERTIFICATION**

Pursuant to Local Rule 5(e), no certificate of service is required for this document because all parties are electronic filers and will receive notice through the court's electronic filing system.

/s/ Kevin S. Vogeltanz